IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 7:22-CV-173-FL

| | | |
|---|---|---|
| CARLOS A. ALFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BILL NELSON, Head of NASA, JIM | ) | ORDER |
| BRIENSTEIN, Hiring Team, CHRISTINE | ) | |
| PAULSEN, Hiring Team, NASA | ) | |
| JOHNSON SPACE CENTER, TAMMY | ) | |
| WRIGHT, and DEBBIE CURTIS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for review of plaintiff's pro se amended complaint (DE 22) pursuant to 28 U.S.C. § 1915(e). Also pending is plaintiff's motion to appoint counsel (DE 28) and a document entitled "Amendment to Complaint Exhaustion of Administration Appeal Closed," (DE 31), which the court construes as a second motion to appoint pro bono counsel for plaintiff. For the following reasons, the M&R is adopted and plaintiff's motions are denied.

A.  Memorandum & Recommendation

United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that claims against defendants Jim Brienstein ("Brienstein"), Christine Paulsen ("Paulsen"), Tammy Wright ("Wright"), Debbie Curtis ("Curtis"), and the NASA Johnson Space Center be dismissed. (DE 32). Plaintiff did not file objections to the M&R,

1

and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling.

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Here, the magistrate judge recommends dismissal of claims against defendants added in plaintiff's amended complaint, which the court may do under 28 U.S.C. § 1915(e)(2). Plaintiff adds an assertion in his amended complaint that he was discriminated against due to his disability of mental illness in violation of the Rehabilitation Act, 29 U.S.C. §§ 701 et seq., and that defendants Wright and Curtis defamed him. The M&R recommends dismissal of plaintiff's Rehabilitation Act against all defendants except Bill Nelson ("Nelson"), where the only proper defendant to a federal-sector employment discrimination action under the Rehabilitation Act is the head of the applicable department, agency, or unit. Dismissal of plaintiff's defamation claims also is recommended where plaintiff does allege facts permitting an inference that any defendant made a statement injurious to his reputation.

Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough, and there is no clear error. Based on the foregoing, the court hereby ADOPTS the recommendation of the magistrate judge as its own, and holds that plaintiff may not amend his complaint as proposed on April 10, 2023. Plaintiff's claims under the Rehabilitation Act, 29 U.S.C. § 794(a) et seq., against defendants Brienstein, Paulsen, NASA Johnson Space Center,

Wright, and Curtis are dismissed. Plaintiff's Rehabilitation Act claim against Nelson[1] may proceed. Plaintiff's claims for defamation against defendants Wright and Curtis likewise are dismissed. Pursuant to the court's January 9, 2023, order, plaintiff's claims for defamation against defendants Brienstein and Paulsen may proceed.

Upon review of the docket, the court notes that services of process for remaining defendants appears deficient where each was sent by certified mail to a business address and returned with an unsigned receipt. (See DE 18, 19, 30). Plaintiff therefore is instructed to provide corrected proposed summons, specifying a residential address for defendants Brienstein and Paulsen, within 21 days of entry of this order. See Fed. R. Civ. P. 4(e); N.C.G.S. 1A-1, Rule 4. As for defendant Nelson, plaintiff is instructed to provide 1) a proposed summons naming the civil process clerk and addressed to Michael F Easley, Jr., United States Attorney for the Eastern District of North Carolina, 150 Fayetteville Street, Suite 2100, Raleigh, NC, 27601, and 2) a proposed summons naming and addressed to Merrick B. Garland, United States Attorney General, Robert F. Kennedy Building, 950 Pennsylvania Avenue NW, Suite 5137, Washington, DC, 20530. See Fed. R. Civ. P. 4(i).

B.   Motion to Appoint Pro Bono Counsel

The court addresses finally plaintiff's motion to appoint pro bono counsel and document titled "Amendment to Complaint Exhaustion of Administration Appeal Closed," which the court construes as a second motion to appoint pro bono counsel. There exists a "presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." Lassiter v. Department of Social Services of Durham County, N.C., 452 U.S.

---

[1] The only proper defendant in an employment discrimination action under the Rehabilitation Act is "the head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000(e)(16); see 42 U.S.C. § 794(a)(1) (adopting the procedures set forth in 42 U.S.C. § 2000(e)(16) for claims under the Rehabilitation Act).

3

18, 27 (1981). Plaintiff will not be deprived of his physical liberty if he loses this case, and he has not offered to show any reason why the presumption against the right to appointed counsel is overcome in this case. Accordingly, plaintiff's motion is denied. However, the clerk is DIRECTED to send to plaintiff a pro bono letter.

## CONCLUSION

Based on the foregoing, all claims except those against defendant Nelson under the Rehabilitation Act, 29 U.S.C. § 794(a) et seq., and against defendants Brienstein and Paulsen for defamation are DISMISSED. Plaintiff's motion to appoint counsel (28) is DENIED. The clerk of court is DIRECTED to terminate defendants NASA Johnson Space Center, Wright, and Curtis; to designate plaintiff's original complaint (DE 10) as the operative complaint in this matter; to strike plaintiff's amended complaint (DE 22); to re-designate plaintiff's document filed July 17, 2023, (DE 31) as a motion to appoint pro bono counsel and to TERMINATE AS MOOT that motion; and to issue a pro bono letter to plaintiff at his address of record. The court on its own initiative continues the deadline to serve summonses in this case to within 60 days of entry of this order. Plaintiff is ORDERED to provide to the clerk corrected proposed summons for each of defendant Brienstein, defendant Paulsen, the civil process clerk for the Eastern District of North Carolina, and the United States Attorney General, as set forth herein, within 21 days of entry of this order.

SO ORDERED, this the 29th day of August, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge